**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | **CRIMINAL ACTION** |
| **UNITED STATES OF AMERICA** | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| v. | : | No.   **21-00427-01** |
|  | : |  |
| **JOSEPH CAMMARATA** | : |  |
| *Defendant.* | : |  |

## NOTICE

**AND NOW**, this **26th** day of **October 2022**, it is hereby **NOTICED** that the following proposed jury instructions were provided by the Court to the parties for review on Monday, October 24, 2022. An on-the-record charging conference was held in the chambers of the Hon. Chad F. Kenney on October 26, 2022 at 8:30 a.m.

**BY THE COURT:**

/s/  *Chad F. Kenney*

_____

**CHAD F. KENNEY, JUDGE**

# COURT PROPOSED FINAL JURY INSTRUCTIONS

## TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | Instructions Prior to Closing Arguments | 4 |
| 2. | Role of Jury | 5 |
| 3. | Evidence | 7 |
| 4. | Direct and Circumstantial Evidence | 9 |
| 5. | Not All Evidence, Not All Witnesses Needed | 11 |
| 6. | Summaries – Underlying Evidence Admitted | 12 |
| 7. | Presumption of Innocence; Burden of Proof; Reasonable Doubt | 13 |
| 8. | Separate Consideration – Single Defendant Charged with Multiple Offenses | 15 |
| 9. | Verdict as to Defendant Only | 16 |
| 10. | Audio/Visual Recordings – Consensual  Mod. Crim. Jury Instr. 3rd Cir. 4.04 (2021) | 17 |
| 11. | Audio/Visual Recordings – Transcripts | 18 |
| 12. | Credibility of Witnesses | 19 |
| 13. | Credibility of Witnesses – Law Enforcement Officer | 21 |
| 14. | Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Cooperating Witnesses | 22 |
| 15. | False in One, False in All (Falsus in Uno, Falsus in Omnibus) | 23 |
| 16. | Defendant's Testimony | 24 |
| 17. | Defendant's Character Evidence | 25 |
| 18. | Knowingly | 26 |
| 19. | Intentionally | 27 |
| 20. | Willfully | 28 |
| 21. | Motive Explained | 29 |
| 22. | Nature of the Indictment | 30 |
| 23. | On or About | 31 |
| 24. | Indictment in the conjunctive, statute and required proof in the disjunctive | 32 |
| 25. | Count One – Conspiracy to Commit Mail and Wire Fraud – Basic Elements | 33 |
| 26. | Conspiracy – Existence of an Agreement | 34 |
| 27. | Conspiracy Membership in the Agreement | 36 |
| 28. | Conspiracy Mental States | 37 |
| 29. | Conspiracy- Success Immaterial | 38 |
| 30. | Conspiracy – Duration | 39 |
| 31. | Conspiracy – Acts and Statements of Co-Conspirators | 40 |

32.	Count I - Conspiracy to Commit Mail Fraud – Elements of the Underlying Offense (18 U.S.C. Section 1341) .................................................................................................................... 41

33.	Counts Two through Five – Wire Fraud – Elements of the Offense (18 U.S.C. Section 1343) ...... 42

34.	Counts Two through Five – Wire Fraud – "Scheme to Defraud and to Obtain Money or Property" Defined ............................................................................................................................................ 43

35.	Counts Two through Five Wire Fraud "Intent to Defraud" Defined ................................................ 46

36.	Counts Two through Five – Wire Fraud – "Transmits by means of wire, radio, or television communication in interstate commerce" Defined .......................................................................... 47

37.	Counts Two through Five – Wire Fraud – Each Transmission by Wire Communication a Separate Offense ............................................................................................................................................ 49

38.	Count Six – Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)) ............................. 50

39.	Money Laundering - 18 U.S.C. § 1957 – Counts 11 and 12 ........................................................... 52

40.	Good Faith Defense .......................................................................................................................... 54

41.	Theory of Defense ............................................................................................................................ 56

42.	Responsibility for Substantive Offenses Committed by Co-Conspirators (Pinkerton Liability) .... 57

43.	Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court ............................................................................................................... 59

44.	Verdict Form ..................................................................................................................................... 62

45.	Retention of Alternate Jurors ........................................................................................................... 63

1.  **Instructions Prior to Closing Arguments**

Mod. Crim. Jury Instr. 3rd Cir. 2.37 (2021)

Members of the jury, you have heard and seen all the evidence in this case. The lawyers now have the opportunity to present their closing arguments. Under the Rules of Criminal Procedure, the government will argue first, then the defense will present its closing argument, and finally the government may, if it chooses, argue in response or in rebuttal to the defense's argument.

Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. Remember, what is said in closing arguments is not evidence. You have already heard and seen all the evidence in this case.

After the lawyers present their closing arguments, I will give you my final instructions concerning the law that you must apply to the evidence in reaching your verdict. Although the lawyers may mention points of law in their closing arguments, the law that you must follow in reaching your verdict is the law that I will give you in my final instructions. If there is any difference between what the lawyers say about the law and what I tell you in my final instructions, you must follow my instructions.

**2.  Role of Jury**

   Mod. Crim. Jury Instr. 3rd Cir. 3.01 (2021)

   Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

   You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

   Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

   Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

   Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram,

LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, or sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

3. **Evidence**

Mod. Crim. Jury Instr. 3rd Cir. 3.02 (2021)

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

7

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

### 4.  Direct and Circumstantial Evidence

Mod. Crim. Jury Instr. 3rd Cir. 3.03 (2021)

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining.  On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or

circumstantial evidence.

It is for you to decide how much weight to give any evidence.

5.  **Not All Evidence, Not All Witnesses Needed**

Mod. Crim. Jury Instr. 3rd Cir. 3.05 (2021)

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

In this case, the defendant presented evidence and produced witnesses. The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

**6.  Summaries – Underlying Evidence Admitted**

Mod. Crim. Jury Instr. 3rd Cir. 4.10 (2021)

**The government** presented certain **charts** in order to help explain the facts disclosed by

**financial records, such as bank statements and deposit slips,** which were admitted as evidence

in the case. The **charts** are not themselves evidence or proof of any facts. If the **charts** do not

correctly reflect the evidence in the case, you should disregard them and determine the facts from

the underlying evidence.

### 7.  Presumption of Innocence; Burden of Proof; Reasonable Doubt

Mod. Crim. Jury Instr. 3rd Cir. 3.06 (2021)

Defendant Cammarata pleaded not guilty to the offenses charged. Defendant Cammarata is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Defendant Cammarata unless and until the government has presented evidence that overcomes that presumption by convincing you that Defendant Cammarata is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Defendant Cammarata not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Defendant Cammarata is guilty and this burden stays with the government throughout the trial.

In order for you to find Defendant Cammarata guilty of the offenses charged, the government must convince you that Defendant Cammarata is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or

13

from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

### 8.   Separate Consideration – Single Defendant Charged with Multiple Offenses
Mod. Crim. Jury Instr. 3rd Cir. 3.12 (2021)

The defendant is charged with more than one offense; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

**9.  Verdict as to Defendant Only**

1A Fed. Jury Prac. & Instr. § 12:11 (6th ed.)

You are here to determine whether the government has proven the guilt of the defendant for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant for a crime charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant not guilty.

10. **Audio/Visual Recordings – Consensual**
   Mod. Crim. Jury Instr. 3rd Cir. 4.04 (2021)

During the trial you heard audio recordings of conversations with the defendant made without his knowledge. These recordings were made with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

**11. Audio/Visual Recordings – Transcripts**

Mod. Crim. Jury Instr. 3rd Cir. 4.06 (2021)

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.

**12. Credibility of Witnesses**

Mod. Crim. Jury Instr. 3rd Cir. 3.04 (2021)

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that

you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

**13. Credibility of Witnesses – Law Enforcement Officer**

Mod. Crim. Jury Instr. 3rd Cir. 4.18 (2021)

**[if applicable]** You have heard the testimony of law enforcement officer(s). The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**14. Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Cooperating Witnesses**

Mod. Crim. Jury Instr. 3rd Cir. 4.19 (2021)

You have heard evidence that **Erik Cohen and David Punturieri,** who say that they participated in the crimes charged, each has made a plea agreement and received a benefit from the government in exchange for testifying.

The testimony of **these witnesses** was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea bargain with the government in exchange for his testimony, but you should consider the testimony of **Erik Cohen and David Punturieri** with great care and caution. In evaluating **Erik Cohen and David Punturieri's** testimony, you should consider this factor along with the others I have called to your attention. Whether or not **their** testimony may have been influenced by the plea agreement is for you to determine. You may give **their** testimony such weight as you think it deserves.

You must not consider **Erik Cohen and David Punturieri**'s guilty plea**s** as any evidence of the Defendant Cammarata's guilt. **A witness's** decision to plead guilty was a personal decision about his own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that the defendant has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified. You may consider **Erik Cohen and David Punturieri**'s guilty plea**s** only for these purposes.

**15. False in One, False in All (Falsus in Uno, Falsus in Omnibus)**

Mod. Crim. Jury Instr. 3rd Cir. 4.26 (2021)

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**16. Defendant's Testimony**

Mod. Crim. Jury Instr. 3rd Cir. 4.28 (2021)

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.

In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

**17. Defendant's Character Evidence**

Mod. Crim. Jury Instr. 3rd Cir. 4.39 (2021)

[**as applicable**] You have heard *(reputation)(opinion)(reputation and opinion)* evidence about whether the defendant has a character trait for (*name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.*).

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges beyond a reasonable doubt.

**18. Knowingly**

Mod. Crim. Jury Instr. 3rd Cir. 5.02 (2021)

The offenses of conspiracy, wire fraud, and money laundering charged in the indictment requires that the government prove that the defendant acted "knowingly" with respect to an element of the offenses. This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

The government is not required to prove that the defendant knew his acts were against the law.

**19. Intentionally**

Mod. Crim. Jury Instr. 3rd Cir. 5.03 (2021)

The offenses of **conspiracy, wire fraud, and money laundering**, charged in the indictment require that the government prove that Defendant Cammarata acted "intentionally" or "with intent" with respect to certain elements of the offenses. This means that the government must prove beyond a reasonable doubt either that (1) it was Defendant Cammarata's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Defendant Cammarata knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Defendant Cammarata acted "intentionally" or "with intent," you may consider evidence about what Defendant Cammarata said, what Defendant Cammarata did and failed to do, how Defendant Cammarata acted, and all the other facts and circumstances shown by the evidence that may prove what was in Defendant Cammarata's mind at that time.

**20. Willfully**

Mod. Crim. Jury Instr. 3rd Cir. 5.05 (2021)

The offense of **conspiracy** charged in the indictment requires the government to prove that Defendant Cammarata acted "willfully" with respect to certain elements of the offense.  This means the government must prove beyond a reasonable doubt that Defendant Cammarata knew his conduct was unlawful and intended to do something that the law forbids.

That is, to find that Defendant Cammarata acted "willfully," you must find that the evidence proved beyond a reasonable doubt that Defendant Cammarata acted with a purpose to disobey or disregard the law.

"Willfully" does not, however, require proof that Defendant Cammarata had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

"Willfully" does not require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.

28

**21. Motive Explained**

Mod. Crim. Jury Instr. 3rd Cir. 5.05 (2021)

Motive is not an element of the offense with which the defendant is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that the defendant is not guilty. Evidence of the defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

**22. Nature of the Indictment**

Mod. Crim. Jury Instr. 3rd Cir. 3.07 (2021)

As you know, the defendant is charged in the indictment with violating federal law, specifically **conspiracy to commit mail and wire fraud, wire fraud, conspiracy to commit money laundering, and money laundering**. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes a defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

**23. On or About**

Mod. Crim. Jury Instr. 3rd Cir. 3.08 (2021)

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact date of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

### 24. Indictment in the conjunctive, statute and required proof in the disjunctive

Case Law (*Turner v. United States*, 396 U.S. 398, 420-21 (1970); *United States v. Niederberger*, 580 F.2d 63, 67-68 (3d Cir. 1978); *United States v. Vampire Nation*, 451 F.3d 189, 204 (3d Cir. 2006)).

Before I discuss elements of the offenses charged in the indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or indictments.

It is not uncommon that a given criminal statute will prohibit not merely one form of action but several related forms of action in what lawyers call "the disjunctive," that is, separated by the word "or." For example, the federal child pornography statute, 18 U.S.C. § 2251(a), makes it illegal for any person to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. This statute prohibits six different actions: (1) employing a minor, (2) using a minor, (3) persuading a minor, (4) inducing a minor, (5) enticing a minor, and (6) coercing a minor.

All six of these crimes are separated by the word "or" in the statute. Yet, it is permissible for the government to charge all six in an indictment and separate them with the word "and." This, however, does not mean that if the government does so, it must prove that the defendant violated the statute in all six ways. If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction. As the United States Supreme Court has said: "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged."

**25. Count One – Conspiracy to Commit Mail and Wire Fraud – Basic Elements**
Mod. Crim. Jury Instr. 3rd Cir. 6.18.371A (2021)

Count One of the indictment charges that from at least in or about August 2014 through in or about November 3, 2021, in the Eastern District of Pennsylvania, the defendant agreed or conspired with one or more other persons to commit offenses against the United States, namely **mail and wire fraud**.

It is a federal crime for two or more persons to agree or conspire to commit mail and wire fraud, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to commit **mail and wire fraud**, you must find that the government proved beyond a reasonable doubt each of the following **three (3)** elements:

First: That two or more persons agreed to commit an offense against the United States, as charged in the indictment. I will explain the elements of the offenses to you shortly;

Second: That the defendant was a party to or member of that agreement; **and**

Third: That the defendant joined the agreement or conspiracy knowing of its objectives to commit **mail and wire fraud** and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit **mail and wire fraud**.

I will explain each of these elements in more detail.

33

**26. Conspiracy – Existence of an Agreement**

Mod. Crim. Jury Instr. 3rd Cir. 6.18.371C (2021)

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offenses of mail and wire fraud.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective(s), or agreed to all the details, or agreed to what the means were by which the objective(s) would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

34

The indictment charges a conspiracy to commit several federal crimes. The government does not have to prove that the alleged conspirators agreed to commit all of these crimes. The government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime. You cannot find the defendant guilty of conspiracy unless you unanimously agree that the same federal crime was the objective of the conspiracy. It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

### 27. Conspiracy Membership in the Agreement

Mod. Crim. Jury Instr. 3rd Cir. 6.18.371D (2021)

If you find that a criminal agreement or conspiracy existed, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that the defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives. Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

**28. Conspiracy Mental States**

Mod. Crim. Jury Instr. 3rd Cir. 6.18.371E (2021) (unmodified)

In order to find the defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its **unlawful** objectives and intending to help further or achieve those objectives. That is, the government must prove: (1) that the defendant knew of the **unlawful** objectives or goals of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve those **unlawful** goals or objectives, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objectives might tend to show that the defendant had the required intent or purpose that the conspiracy's objectives be achieved.

### 29. Conspiracy- Success Immaterial

Mod. Crim. Jury Instr. 3rd Cir. 6.18.371G (2021)

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offenses that were the objective of the conspiracy; conspiracy is complete without the commission of those offenses.

**30. Conspiracy – Duration**

Mod. Crim. Jury Instr. 3rd Cir. 6.18.371I (2021)

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

**31. Conspiracy – Acts and Statements of Co-Conspirators**

Mod. Crim. Jury Instr. 3rd Cir. 6.18.371K (2021)

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendant, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

### 32. Count I - Conspiracy to Commit Mail Fraud – Elements of the Underlying Offense (18 U.S.C. Section 1341)

Mod. Crim. Jury Instr. 3rd Cir. 6.18.1341 (2021) (modified as noted)

Count One of the <u>indictment</u> charges the defendant with **conspiracy to commit** mail fraud **and wire fraud**, which are violations of federal law. **I will now explain the elements of mail fraud. I will explain the elements of wire fraud to you when I discuss Counts Two through Five**.

In order to find the defendant guilty of mail fraud, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That the defendant knowingly devised a scheme to defraud **and** to obtain money or property by materially false or fraudulent pretenses, representations or promises**,** or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That the defendant acted with the intent to defraud, **that is the intent to deceive and cheat**; and

Third: That in advancing, furthering, or carrying out the scheme, the defendant used the mails or a private or commercial interstate carrier, or caused the mails or a private or commercial interstate carrier to be used.

### 33. Counts Two through Five – Wire Fraud – Elements of the Offense (18 U.S.C. Section 1343)

Mod. Crim. Jury Instr. 3rd Cir. 6.18.1343 (2021) (unmodified)

Counts **Two through Five** of the indictment charge the defendant with wire fraud, which is a violation of federal law.

In order to find the defendant guilty of **these** offenses, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First: That the defendant knowingly devised a scheme to defraud **and** to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That the defendant acted with the intent to defraud, **that is to deceive and cheat**; and

Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**34. Counts Two through Five – Wire Fraud –** "Scheme to Defraud **and** to Obtain Money or Property" Defined

Mod. Crim. Jury Instr. 3rd Cir. 6.18.1341-1 (2021) (modified as noted).

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly devised or willfully participated in a scheme to defraud the victim of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements and representations. The representations which the government charges were made as part of the scheme to defraud **as** set forth **in the charges** in the indictment. The government is not required to prove every misrepresentation charged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made

43

knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision **whether to pay a claim**.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant himself originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that any intended victim actually

44

suffered any loss. In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that the defendant profited. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the scheme charged in the indictment, you should then consider the second element.

### 35. Counts Two through Five Wire Fraud "Intent to Defraud" Defined

Mod. Crim. Jury Instr. 3rd Cir. 6.18.1341-4 (2021) (unmodified)

The second element that the government must prove beyond a reasonable doubt is that the defendant acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive **and** to cheat, **in order to thereby obtain money, property, or something of value.**

In considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

**36. Counts Two through Five – Wire Fraud – "Transmits by means of wire, radio, or television communication in interstate commerce" Defined**

Mod. Crim. Jury Instr. 3rd Cir. 6.18.1343-1 (2021) (unmodified)

The third element that the government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, the defendant transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire. The use of the Internet to send a message, such as an e-mail, or to communicate with a web site may constitute a wire transmission in interstate commerce.

The government is not required to prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud **and** to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove either that the defendant used wire, radio, or television communication in interstate commerce, or that the defendant knew the use of the wire, radio, or television communication in

47

interstate commerce would follow in the ordinary course of business or events, or that the defendant should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

**37. Counts Two through Five – Wire Fraud – Each Transmission by Wire Communication a Separate Offense**

Pattern Crim. Jury Instr. 11th Cir. OI O74.5 (2020) (modified as shown); <u>Whitfield v. United States, 543 U.S. 209</u> (2005) (1956(h) does not require proof of an overt act in furtherance of the alleged conspiracy)

Each transmission by wire communication in interstate commerce to advance, or to further, or to carry out the scheme or plan may be a separate violation of the wire fraud statute.

**38. Count Six – Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h))**
Third Circuit Model Criminal Jury Instructions 6.18.371A

It is a federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18 United States Code, Section 1957. **I will describe the elements of those offenses to you in a few moments.**

**[Because Counts Seven through Ten have been dismissed, the Court assumes that the government will not be pursuing conspiracy to commit these offenses with respect to Defendant Cammarata and has omitted the instructions as to 1956(a)(1)(B)(i)].**

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the government does not have to prove that the conspirators succeeded in carrying out the plan.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1957; and

(2) the defendant knew about the plan's unlawful purpose and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan — and voluntarily joined in the plan on at least one occasion — that's sufficient for you to find the defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.

Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

### 39. Money Laundering - 18 U.S.C. § 1957 – Counts 11 and 12

Pattern Crim. Jury Instr. 11th Cir. OI O74.6 (2020) (modified as noted).

It's a federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt:

(1) the defendant knowingly engaged or attempted to engage in a monetary transaction;

(2) the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3) the property had a value of more than $10,000;

(4) the property was in fact proceeds of wire fraud; and

(5) the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means a federally insured bank or a broker dealer in securities as alleged in the indictment.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing wire fraud. But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

52

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

**40. Good Faith Defense**

The offenses charged in the indictment require proof that **Defendant Cammarata** acted **knowingly and intentionally**. If you find that **Defendant Cammarata** acted in "good faith" that would be a complete defense to **these charges,** because good faith on the part of **Defendant Cammarata** would be inconsistent with his acting **knowingly and intentionally**.

**If you find that Defendant Cammarata had an honestly held belief, understanding, or honest misunderstanding that Quartis Trade and Investment LLC, Nimello Holding LLC, and Inversiones Invergasa SAS, all traded in stocks and that the claims made by Alpha Plus Recovery, LLC on behalf of Quartis Trade and Investment LLC, Nimello Holding LLC, and Inversiones Invergasa SAS were based on stocks Quartis Trade and Investment LLC, Nimello Holding LLC, and Inversiones Invergasa SAS owned and a had a right to make claims on, then Defendant Cammarata acted in "good faith" and did not act knowingly and intentionally.**

Defendant Cammarata did not act in "good faith," however, if, even though he honestly held certain beliefs or understandings, he knowingly made false statements, representations, or promises to others.

Defendant Cammarata does not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that Defendant Cammarata acted knowingly and intentionally.

As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offenses, including the mental state elements. In deciding whether the government proved that Defendant Cammarata acted knowingly and intentionally, or instead, whether Defendant Cammarata acted in good faith, you should consider all of the evidence presented in the case that may bear on Defendant Cammarata's state of mind. If you find from the evidence that

Defendant Cammarata acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that Defendant Cammarata acted knowingly and intentionally, you must find Defendant Cammarata not guilty of the offenses **conspiracy to commit mail and wire fraud, wire fraud, conspiracy to commit money laundering, and money laundering**.

**41. Theory of Defense**

Mod. Crim. Jury Instr. 3rd Cir. 8.01

Defendant Cammarata has pleaded "Not Guilty" to the charges contained in the indictment. These pleas of not guilty put at issue each of the essential elements of the charged offenses as described in these instructions and impose on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

Defendant Cammarata, moreover, contends that he is not guilty of the crimes charged **because he did not know that the claims Alpha Plus Recovery, LLC made on behalf of Quartis Trade and Investment LLC, Nimello Holding LLC, and Inversiones Invergasa SAS to claims administrators were for stocks that these entities did not trade in or own.**

**42. Responsibility for Substantive Offenses Committed by Co-Conspirators (Pinkerton Liability)**

Mod. Crim. Jury Instr. 3rd Cir. 7.03 (2021)

**Counts Two through Five** of the indictment charge that the defendant committed wire fraud, and Counts Eleven and Twelve charge that the defendant committed money laundering.

The government may prove the defendant guilty of these offenses by proving that he personally committed them. The government may also prove the defendant guilty of these offenses based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to the defendant as a necessary or natural consequence of the agreement. In other words, under certain circumstances the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find the defendant guilty of wire fraud or money laundering charged in **Counts Two through Five and Eleven and Twelve** based on this legal rule, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements:

First: That the defendant was a member of the conspiracy charged in the indictment;

Second: That while the defendant was still a member of the conspiracy, one or more of the other members of the conspiracy committed the offenses charged in **Counts Two through Five and Eleven and Twelve**, by committing each of the elements of those offenses, as I explained those elements to you in these instructions. However, the other

members of the conspiracy need not have been found guilty of or even charged with the offenses, as long as you find that the government proved beyond a reasonable doubt that the other members committed the offenses;

Third: That the other members of the conspiracy committed these offenses within the scope of the unlawful agreement and to help further or achieve the objectives of the conspiracy; and

Fourth: That these offenses were reasonably foreseeable to or reasonably anticipated by the defendant as a necessary or natural consequence of the unlawful agreement.

The government does not have to prove that the defendant specifically agreed or knew that these offenses would be committed.  However, the government must prove that the offenses were reasonably foreseeable to the defendant, as a member of the conspiracy, and within the scope of the agreement as the defendant understood it.

### 43. Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court

Mod. Crim. Jury Instr. 3rd Cir. 3.16 (2021)

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that— your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any internet

service, or any text or instant messaging service; or any internet chat room, blog, or **social media** website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

**44. Verdict Form**

Mod. Crim. Jury Instr. 3rd Cir. 3.17 (2021)

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

### 45. Retention of Alternate Jurors

Mod. Crim. Jury Instr. 3rd Cir. 9.01 (2021)

At this time, the regular jurors will begin their deliberations in the case. Nevertheless, the alternate jurors are not excused. While the jury conducts its deliberations, you **should continue to report to the courtroom between 8:00 and 8:30 a.m. each morning until I excuse you.**

During this time, you must continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including your fellow alternate jurors, the regular jurors, other people involved in the trial, members of your family, friends, or anyone else. Do not speak at all with any of the parties, the witnesses, or the attorneys. Do not permit anyone to discuss the case with you. Do not even remain in the presence of anyone discussing the case. If anyone approaches you and tries to talk to you about the case, please report that to me, through my courtroom deputy, immediately.

While I do not know whether there is any news coverage of this case, do not watch or listen to any news reports concerning this trial on television or radio and do not read any news accounts of this trial in a newspaper or on the Internet. Do not use the Internet to search for information about the parties, witnesses, lawyers, or anything else associated with the trial. Do not visit the scene of the alleged offense or conduct any kind of investigation of your own. Should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider in deciding this case is what you learned in this courtroom during the trial.