IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CASE NO. 21-cr-00427-01 |
| | : | |
| **JOSEPH A. CAMMARATA** | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                      **OCTOBER 3, 2024**

I write for the benefit of the parties and counsel. The Government filed a Motion for Entry of a Final Order of Forfeiture. ECF No. 408. Mr. Goldberger filed an Objection on behalf of Mr. Cammarata. ECF No. 409. This final order of forfeiture will complete the protracted process involving all parties to appropriately manage the forfeited assets. Indeed, Mr. Goldberger did not object when the August 13, 2024, Order (the "Order), ECF No. 390, was drafted because Mr. Goldberger was a full participant in the drafting and issuance of the Order. The Objection is overruled, and the Motion is granted.

The Order incorporated a number of iterations and took significant time to develop by, between, and amongst all counsel. All counsel, including Mr. Goldberger, under my supervision and direction, spent considerable hours coming to terms agreeable to all parties—including Mr. Cammarata as represented by Mr. Goldberger. The Order significantly benefits Nina Cammarata, and but for the agreement of all parties as to every provision, the Order would not have been entered by this Court. Mr. Goldberger's attempt to essentially eliminate one provision regarding the sale of the Mt. Pocono property in the final order of forfeiture would undermine the entire Order and call for me to vacate the Order and start all over again. This I will not do.

What I find to be striking is that after the entry of the final order of forfeiture and sale of the Mt. Pocono Property, the assets from the sale will remain with the Marshals until the Third Circuit decides Mr. Cammarata's appeal. It is bewildering that Mr. Goldberg objects to the very sale he agreed to. Indeed, as represented to me, the Mt. Pocono property is a wasting asset that is better to sell now rather than sit and consume expense and lose value. The Order I entered was developed and labored over with the assent and consent of all parties who had full knowledge of each provision and will stand as entered. The provision, and its intent towards immediate disposition, was highlighted in Mr. Shapiro's letter of August 8, 2024, to all parties, Mr. Goldberger leading the list of cc's. *See* Ex. A. I took the time to develop the Order in this way to avoid confusion and am surprised that counsel would now advocate as if he had not agreed to the language of this Order on behalf of his client before it was entered.

It is telling that Mr. Goldberger does not address his consent to the specific language in the Order in his response to the Government. I attach a copy of the letter confirming all counsels' agreement to the language that was then incorporated into my Order as well as Mr. Shapiro's August 8, 2024, letter. *See* Ex. A and B. I will also file them on the docket. This correspondence was not made part of the record at the time because I depended on counsel to abide by the spirit and the letter of the terms agreed to and not take contrary positions here or elsewhere which would significantly undermine my painstaking management of these proceedings—management that has included and encouraged full participation of all counsel. As it is, this Motion and Objection thereto required me to dig back into the filings and the emails and correspondence addressed to me to decipher once again what the parties agreed to, all of which had been incorporated into the agreed upon Order.

For the foregoing reasons, the Objection is overruled, and the Motion is granted. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

3